**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 12 2012, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELIZABETH A. GABIG**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| D.H., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1110-JV-533 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gary K. Chavers, Judge Pro Tempore
The Honorable Geoffrey A. Gaither, Magistrate
Cause No. 49D09-1104-JD-989

**April 12, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

D.H. appeals his adjudication as a juvenile delinquent, for committing an act that would have been Intimidation, as a Class C felony,[1] and two acts that would have been Possession of a Knife on School Property, as Class B misdemeanors,[2] if committed by an adult. We affirm.

**Issues**

D.H. presents two issues for review:

I. Whether there is sufficient evidence to establish that he committed an act that would be Intimidation, if committed by an adult; and

II. Whether the juvenile court erroneously ordered payment of an administrative fee without inquiry into the parents' ability to pay the fee.

**Facts and Procedural History**

On January 3, 2011, twelve-year-old D.H. was a student at Brook Park Elementary School in Marion County, Indiana. When the teacher left the room, D.H. jumped onto the chair of another student, G.J. D.H. held a knife to G.J.'s neck and told G.J. to "suck his dick." (Tr. 4.) G.J. said "no." (Tr. 4.) The teacher returned, and D.H. jumped down off the chair and sat next to G.J. The following day, D.H. pointed a knife at G.J. and asked "are you scared yet?" (Tr. 6.) G.J. reported the events to her teacher.

On April 26, 2011, the State alleged that D.H. is a juvenile delinquent because he had

---

[1] Ind. Code § 35-45-2-1.

[2] Ind. Code § 35-47-5-2.5.

committed three acts that would be Intimidation, if committed by an adult, and two acts that would be Possession of a Knife on School Property, if committed by an adult. Two allegations of Intimidation (those allegedly involving children other than G.J.) were later dismissed. On August 8, 2011, the juvenile court held a denial hearing and entered true findings as to the remaining allegations.

A dispositional hearing was conducted on September 12, 2011. The juvenile court ordered that D.H. be placed on probation. D.H. was ordered to participate in school-based counseling, refrain from contact with G.J., and write a letter of apology to G.J. After finding D.H.'s parents to be partially indigent, the juvenile court required the parents' payment of a $100 administrative fee. This appeal ensued.

## Discussion and Decision

### I. Sufficiency of the Evidence

When the State seeks to have a juvenile adjudicated to be a delinquent for committing an act that would be a crime if committed by an adult, the State must prove each element of the crime beyond a reasonable doubt. J.S. v. State, 843 N.E.2d 1013, 1016 (Ind. Ct. App. 2006), trans. denied. When reviewing a juvenile adjudication, this Court will consider only the evidence and reasonable inferences supporting the judgment, and will neither reweigh the evidence nor judge witness credibility. Id. If there is substantial evidence of probative value from which a reasonable trier of fact could conclude beyond a reasonable doubt that the juvenile committed the delinquent act, we will affirm the adjudication. Id.

To support a true finding for Intimidation, as alleged, the State was required to

3

establish that D.H., while armed with a deadly weapon, communicated a threat to G.J., with the intent that G.J. engage in conduct against her will. Ind. Code § 35-45-2-1(b)(2). A "threat" is defined as "an expression by words or action, of an intention to … unlawfully injure the person threatened[.]" Ind. Code § 35-45-2-1(c)(1).

D.H. does not deny that he held a knife to G.J.'s throat and told her to "suck his dick." (Tr. 4.) However, he denies that he actually intended that G.J. perform fellatio. He points to evidence that there were other students present in the classroom and their teacher was nearby. He also asserts a lack of evidence that he unzipped his pants or exposed his penis.

Whether a person operated with the requisite intent to force another person to engage in conduct against her will depends upon the facts and circumstances of the case. Owens v. State, 659 N.E.2d 466, 474 (Ind. 1995). The Indiana Supreme Court has "adopted an objective view of whether a communication is a threat." Id. Whether the speaker intends that the recipient of communication engage in conduct against her will and whether the communication, objectively viewed, constitutes a threat are questions for the finder of fact. Id.

G.J. testified as follows. While the classroom teacher was in the hallway, D.H. jumped onto G.J.'s chair, held a knife to her throat, and demanded that she "suck his dick." (Tr. 4.) This is sufficient evidence to permit the fact-finder to conclude beyond a reasonable doubt that D.H., while armed with a deadly weapon, communicated a threat to G.J. with intent that she engage in conduct against her will. D.H.'s suggestion that G.J.'s compliance was unlikely given the surroundings and D.H.'s lack of exposure merely presents a request to

4

reweigh the evidence.

Additionally, we observe that D.H. does not challenge the true findings for possession of a knife. As such, the State presented sufficient evidence to support the juvenile court's adjudication that D.H. is a delinquent child.

## II. Administrative Fee

Pursuant to Indiana Code Section 31-40-2-1(a), a juvenile court may order a delinquent child or the child's parent to pay probation fees and an administrative fee, subject to Indiana Code Section 31-40-1-3. Indiana Code Section 31-40-1-3(a) provides that a parent of a delinquent child will be ordered to pay for services to the child or parents "unless the court makes a specific finding that the parent or guardian is unable to pay or that justice would not be served by ordering payment[.]" The juvenile court must inquire into the ability of the parents of a juvenile delinquent to pay. M.Q.M. v. State, 840 N.E.2d 441, 449 (Ind. Ct. App. 2006).

D.H. contends that the juvenile court failed to inquire into his parents' ability to pay before assessing the $100 administrative fee. We disagree. At the dispositional hearing, the juvenile court asked each of D.H.'s parents about employment. D.H.'s father responded that he was unemployed. D.H.'s mother responded that she was employed at a hospital. The parents advised that they lived in the same home, and had four children. The pre-dispositional report submitted to the juvenile court indicated that D.H.'s mother earned income of $1,450 monthly. The family also received $700 per month in food stamps. The juvenile court obtained adequate information upon which to make its finding of partial

5

indigency and assess a $100 fee.

Affirmed.

ROBB, C.J., and MATHIAS, J., concur.